In the Matter of MELINDA Y. POLLARD (Admitted as MELINDA YVETTE POLLARD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 20, 1991

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* for petitioner.

*Christopher P. Nalley* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the Bar on December 7, 1983, at a term of the Appellate Division in the Second Judicial Department, under the name Melinda Yvette Pollard.

In this proceeding the Special Referee sustained the five charges of professional misconduct alleged against the respondent. The petitioner moved to confirm the report of the Special Referee, and the respondent submitted an affidavit in response thereto urging the court to confirm the report and findings of the Special Referee.

Charge one alleged that from June 1984 through April 1985, while employed at the Kings County District Attorney's office, the respondent prepared fraudulent expense vouchers for payment.

Charge two alleged that as a result of the submission of the above-mentioned fraudulent expense vouchers, the respondent received funds to which she would not otherwise have been entitled.

Charge three alleged that from July 26, 1985, until August 28, 1985, while the respondent was employed by a temporary employment agency, she submitted fraudulent time sheets to her employer.

Charge four alleged that as a result of the submission of the above-mentioned time sheets, the respondent received funds to which she would not otherwise have been entitled.

Charge five alleged that the respondent failed to comply with the attorney registration requirements of Judiciary Law § 468-a, in that, at the time she was admitted to practice as an attorney and counselor-at-law, she was required to file a registration statement within 60 days of her admission but failed to do so. From December 5, 1985, until June 25, 1986, four letters were sent to the respondent reminding her of her obligation to register, but she failed to do so.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charges of misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including the

serious personal problems she was experiencing at the time of the misconduct, which problems now appear to be resolved; her cooperation throughout these proceedings; that she has made full restitution to her former employers; and that she has not practiced law since April 5, 1985. Accordingly, the respondent is suspended from the practice of law for a period of one year commencing June 1, 1991, and until the further order of this court.

MANGANO, P. J., BRACKEN, BROWN, KUNZEMAN and HAR-WOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Melinda Y. Pollard is suspended from the practice of law for a period of one year, commencing June 1, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Melinda Y. Pollard is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.